UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COREY PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) CIV-23-447-F |
| PROCOLLECT INC and EXPERIAN | ) |
| INFORMATION SOLUTIONS INC. | ) Complaint and Demand for |
| | ) Jury Trial |
| Defendants. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff COREY PERRY as and for his Complaint respectfully alleges as follows:

### I.  INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendant PROCOLLECT INC ("ProCollect") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices; and Defendants PROCOLLECT INC ("ProCollect") and EXPERIAN INFORMATION SOLUTIONS ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, the subject property that forms the basis of the alleged tradeline is located in Oklahoma City, Oklahoma County, Oklahoma and the conduct complained of occurred in Oklahoma.

## III. PARTIES

3. Plaintiff is a natural person residing in Norman, Oklahoma.

4. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3) and the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant ProCollect is a Texas entity with its principal place of business located at 12170 Abrams Rd 100, Dallas, Texas 75243 and its registered agent located at 8150 N. Central Expy, Suite 500, Dallas, Texas 75206. Upon information and belief, Defendant ProCollect does not maintain a registered agent address in Oklahoma.

6. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Oklahoma, with its registered agent as follows: C T Corporation System, 1833 South Morgan Road, Oklahoma City, OK 73128.

7. Defendant ProCollect is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6). Defendant ProCollect is engaged in the collection of debt from

consumers using the mail and telephone and regularly attempts to collect consumer debts alleged to be due to another.

## IV. FACTS OF THE COMPLAINT

8. In January 2022, Plaintiff obtained a copy of his consumer report and discovered incomplete, inaccurate, false information furnished by Defendant ProCollect. Defendant ProCollect furnished one trade line, Account No. 131842****, Original Creditor: The Park Harvey Apartments, in the amount of $3,062.00.

9. In January 2022 Plaintiff disputed the tradeline with Defendant Experian, using Defendant Experian's online dispute process. Plaintiff informed Defendant Experian that the subject tradeline did not belong to Plaintiff and should therefore be deleted from his consumer report.

10. Upon information and belief, Defendant Experian sent a dispute to Defendant ProCollect providing all relevant disputed information.

11. Upon information and belief, Defendant ProCollect verified to Defendant Experian that the tradeline was accurate.

12. In February 2022, in response to Plaintiff's dispute, Experian communicated to Plaintiff that the subject tradeline was "verified as accurate."

13. In April 2023, Plaintiff hired legal counsel and sent a dispute to Defendant ProCollect through certified mail to its principal place of business and via electronic mail to its legal counsel to dispute that the subject tradeline belongs to Plaintiff.

14. In April 2023, Defendant ProCollect, through its legal counsel, provided documentation purportedly verifying that the account belongs to Plaintiff. In response to

the purported account verification, Plaintiff, through counsel of record, informed Defendant ProCollect: (1) Plaintiff is not the responsible party for the alleged debt; (2) Plaintiff did not sign the lease the agreement or authorize his signature on the lease agreement, and (3) that Defendant ProCollect is attempting to collect on an amount not permitted by agreement or law.

15. Despite Plaintiff's disputes to Defendants ProCollect and Experian informing them that the debt was not valid, Defendants ProCollect and Experian have continued to report the tradeline from approximately December 2021 through May 2023.

16. Defendant ProCollect continued to report the invalid debt even after receiving notice from Plaintiff that he did not sign the lease agreement and is not liable for the alleged debt.

17. As a result of the actions and inactions of all Defendants, particularly the publishing of such inaccurate and incomplete information, the personal and credit reputation of Plaintiff has been severely damaged, causing his FICO scores to be lowered resulting in him being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress and mental anguish.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (Defendant ProCollect)

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-17 above.

19. Defendant ProCollect has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the collection item that is furnished to the Consumer Reporting Agencies.

20. Defendant ProCollect caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

21. Defendant ProCollect's conduct was negligent and/or willful.

22. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

23. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)
### (Defendant ProCollect)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above.

25. Defendant ProCollect violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies.

26. Defendant ProCollect caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

27. Defendant ProCollect's conduct was negligent and/or willful.

28. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

29. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)
### (Defendant ProCollect)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above.

31. Defendant ProCollect violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the accurate information about the alleged tradeline to the consumer reporting agencies and by failing to report the results of the reinvestigation.

32. Defendant ProCollect caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

33. Defendant ProCollect's conduct was negligent and/or willful.

34. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

35. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### (Defendant ProCollect)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 above.

37. Defendant ProCollect violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable.

38. Defendant ProCollect caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

39. Defendant ProCollect's conduct was negligent and/or willful.

40. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

41. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### (Defendant ProCollect)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1-41 above.

43. Defendant ProCollect violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous, information, or (iii) block the re-reporting of inaccurate or unverifiable information.

44. Defendant ProCollect caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

45. Defendant ProCollect's conduct was negligent and/or willful.

46. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

47. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1692e(2)(A)
### (Defendant ProCollect)

48. Plaintiff re-alleges and incorporates by reference paragraphs 1-47 above.

49. Defendant ProCollect violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the alleged debt to the consumer reporting agencies.

50. Defendant ProCollect caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

51. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1692f(1)
### (Defendant ProCollect)

52. Plaintiff re-alleges and incorporates by reference paragraphs 1-51 above.

53. Defendant ProCollect violated 15 U.S.C. §1692f(1) by attempting to collect an alleged amount that is not expressly authorized by the agreement creating the debt or permitted by law.

54. Defendant ProCollect caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

55. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XII. EIGHTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendant Experian)

56. Plaintiff re-alleges and incorporates by reference paragraphs 1-55 above.

57. Defendant Experian violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the ProCollect trade line information when preparing a consumer report purportedly concerning Plaintiff.

58. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

59. At all times alleged herein, Defendant acted negligently and/or willfully.

60. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XIII. NINTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(2)
## (Defendant Experian)

61. Plaintiff re-alleges and incorporates by reference paragraphs 1-60 above.

62. Defendant Experian has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

63. Defendant Experian has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

64. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

65. Defendant Experian has done so either negligently or willfully.

66. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

67. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## XIV. TENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(4)
## (Defendant Experian)

68. Plaintiff re-alleges and incorporates by reference paragraphs 1-67 above.

69. Defendant Experian has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

70. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

71. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

72. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XV. ELEVENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## (Defendant Experian)

73. Plaintiff re-alleges and incorporates by reference paragraphs 1-72 above.

74. Defendant Experian violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the ProCollect tradeline on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify ProCollect that the information was deleted from Defendant's file of Plaintiff.

75. Defendant Experian violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

76. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

77. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

78. Defendant Experian Is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XVI. TWELFTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)
## (Defendant Experian)

79. Plaintiff re-alleges and incorporates by reference paragraphs 1-78 above.

80. Defendant Experian has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

81. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

82. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

83. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XVII. THIRTEENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Experian)

84. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-83 above.

85. Defendant Experian has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

86. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

87. Defendant Experian acted negligently and/or willfully.

88. Defendant is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

    A.    Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1692k(a).

    B.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and 15 USC § 1692k(a)(1);

    C.    Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b) and 15 USC § 1692k(a)(3);

    D.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 19, 2023

By: s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
PO Box 5302
Edmond, OK 73083
(405) 456-9406
thlegalconsulting@gmail.com
*ATTORNEY FOR PLAINTIFF*