# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COREY PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CIV-23-447-F |
| ) | |
| PROCOLLECT INC. and EXPERIAN ) | |
| INFORMATION SOLUTIONS INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Pursuant to FED. R. CIV. P. 55(c), Defendant Experian Information Solutions Inc. ("Experian") hereby moves the Court to enter an order setting aside the Clerk's Entry of Default filed against Experian. Experian recently retained its undersigned counsel and requests an opportunity to defend the present case on its merits, which Plaintiff does not object to. In further support of this request, the parties state as follows:

## FACTUAL AND PROCEDURAL HISTORY

1. Plaintiff Corey Perry ("Plaintiff") filed his complaint on May 19, 2023 (Dkt. No. 1).

2. On May 24, 2023, Plaintiff effectuated service on Experian (Dkt. No. 3).

3. Experian mistakenly did not file an answer or responsive pleading to the Complaint on or before June 14, 2023, as required by FED. R. CIV. P. 12.

4. Once Experian realized its mistake, it requested an extension of time to answer from Plaintiff, which Plaintiff denied.

5.     Plaintiff then moved the Clerk for an entry of default on June 14, 2023, which the court struck without prejudice (Dkt. No. 4 and Dkt. No. 5).

6.     Plaintiff moved the Clerk for an entry of default again on June 15, 2023 (Dkt. No. 6). That same day, the Clerk entered a Clerk's Entry of Default against Experian (Dkt. No. 7).

7.     Counsel for Experian was first contacted by Experian about this matter on Thursday, June 19, 2023.

8.     Experian has conferred with counsel for Plaintiff, and Plaintiff will not object to this Motion.

## ARGUMENT AND AUTHORITIES

**I.     The Applicable Legal Standard.**

The Court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). There are three criteria used to establish whether "good cause" exists: (1) whether the moving party has presented a meritorious defense; (2) whether setting aside the default would prejudice the party who secured the entry of default; and (3) whether the default was willful. *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014); *Bizjet Int'l Sales & Support, Inc. v. Aero Toy Store, LLC*, No. 08-CV-242-TCK-PJC, 2008 WL 5083536, at *2 (N.D. Okla. Nov. 26, 2008).

Setting aside an entry of default under FED. R. CIV. P. 55(c) "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under FED. R. CIV. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009). Defaults are not favored. *Barta v. Long,* 670 F.2d 907,

909 (10th Cir. 1982). Instead, the "preferred disposition of any case is upon its merits." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Experian has meritorious defenses, setting aside the default would not prejudice the Plaintiff, and the default was not willful. Accordingly, there is good cause to set aside the Clerk's Entry of Default.

**II.   Experian Has Meritorious Defenses.**

Experian can present defenses which could wholly defeat or offset Plaintiff's claims and causes of action. For this aspect of the analysis, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). For purposes of the motion, the movant's version of the facts are taken as true. *Id*.

If allowed to do so, Experian can present numerous defenses on its behalf, including, without limitation, that: (1) Plaintiff's claims are barred by the applicable statute of limitations; and (2) the information reported is accurate.[1]

First, Plaintiff has failed to bring his claims within the applicable statutory period. Under the FRCA, Plaintiff is required to bring any claims for violations of the FRCA within the earlier of: (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs. 15 U.S.C.A. § 1681p. Here, Plaintiff first notified Experian

---

[1] If given the opportunity, Experian may raise other defenses in its responsive pleadings.

3

of the alleged inaccurate report in 2021. Thus, the statute of limitations for this action expired in 2023, and Plaintiff's claims are accordingly barred.

Second, Plaintiff's claims will also fail because the information reported was accurate. Plaintiff's claim is based on 15 U.S.C. § 1681e(b). A necessary element of a claim under § 1681e(b) is that the information disclosed in a consumer credit report must be inaccurate. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744 (10th Cir. 2009) ("A successful FCRA claim brought under 15 U.S.C. § 1681e(b) must be based on inaccurate information disclosed in a consumer credit report[.]"). In other words, accuracy is a complete defense to a claim under the FRCA. After Plaintiff notified Experian of the alleged inaccuracy, Experian verified the truth of the information reported on two separate occasions. Because Plaintiff will not be able to establish that the information is inaccurate, his claim under the FCRA will fail.

These contentions could preclude Plaintiff's recovery, and Experian requests that it be able to raise them in its defense.

## III.    Setting Aside the Default Would Not Prejudice Plaintiff.

Plaintiff has agreed to not oppose this Motion. In any event, if the default were set aside, Plaintiff would still have an opportunity to pursue his claims and would not be prejudiced. A party is prejudiced "if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991).

There has not been a material change in circumstances. No evidence has become lost or unavailable and discovery has not become more difficult. Further, the default was entered a short time ago and "delay in and of itself does not constitute prejudice." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003). If given the opportunity, Experian is prepared to promptly file a responsive pleading to Plaintiff's Complaint.

In addition, vacating the default should not result in any material delay in the ultimate outcome of this case. Although Plaintiff obtained a Clerk's Entry of Default, there has not been a judgment entered against any party or any determination of the amount of any judgment. The parties and this Court would still need to adjudicate the amount of any judgment that may be entered as a result of the default.

Finally, while it is true that that Plaintiff could no longer rely on the default to prevail, the risk and delay that accompany obtaining a judgment on the merits rather than obtaining a judgment by default is not the type of "prejudice" that warrants denial of a motion to set aside a default. *Bizjet Int'l Sales & Support, Inc. v. Aero Toy Store, LLC*, No. 08-CV-242-TCK-PJC, 2008 WL 5083536, at *3 (N.D. Okla. Nov. 26, 2008). Plaintiff would not be prejudiced if the default were set aside.

**IV.    The Default Was Not Willful.**

Experian has not acted willfully, with bad-faith, or with intent to delay. Experian has recently implemented a new legal department and inadvertently did not docket the answer deadline. Once Experian realized its mistake, in-house counsel for Experian contacted Plaintiff's counsel to request an extension. Unfortunately, Plaintiff's counsel

informed Experian that Plaintiff did not agree to allow Experian an extension of time to answer. Experian then contacted the undersigned on June 19, 2023, at which point Plaintiff had already moved for a Clerk's Entry of Default. The foregoing is not an attempt to vindicate Experian's actions, or lack thereof, but is an attempt to explain them.

Courts have recognized that a change in counsel mitigates in favor of setting aside an entry of default. In *First Interstate Bank of Oklahoma, N.A. v. Serv. Stores of Am., Inc.*, the court concluded that a default was not willful where new counsel was obtained one week before the answer date and there was an intervening holiday and family illness. 128 F.R.D. 679, 680 (W.D. Okla. 1989). Similarly, in *New Field Int'l Sales, Inc. v. Salem*, the defendant was served with notice of the suit and its original counsel failed to timely file an answer. 116 F.R.D. 215, 215 (N.D. Ill. 1986). Roughly six weeks later, the defendant hired new counsel who promptly filed a motion to vacate. *Id*. at 216. The court concluded that the defendant did not willfully fail to answer; instead it was the neglect of its prior attorney. *Id*.

Here, the failure to answer should not have occurred, but Experian was not purposefully acting to delay or evade. While Experian mistakenly failed to docket the answer deadline, it promptly attempted to rectify such mistake by requesting an extension and immediately hiring local counsel. Experian did not willfully or culpably act to default, delay, or obstruct the proceedings in this action. This factor, considered with Experian's meritorious defenses and the lack of prejudice to Plaintiff, demonstrates that the default should be set aside.

## **CONCLUSION**

For these reasons, Experian requests that the Court vacate the Clerk's Entry of Default pursuant to FED. R. CIV. P. 55(c). Additionally, Experian requests that the Court grant it leave to file a responsive pleading to Plaintiff's Complaint.

Respectfully submitted,

/s/ *T. Dylan Hartsook*
Jimmy Goodman, OBA #3451
T. Dylan Hartsook, OBA #35129
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
jimmy.goodman@crowedunlevy.com
dylan.hartsook@crowedunlevy.com

***ATTORNEYS FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of June, 2023, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to all parties of record:

                                        /s/ *T. Dylan Hartsook*
                                        T. Dylan Hartsook